**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**AT LEXINGTON**

| | |
|---|---|
| **ALLSTATE INSURANCE COMPANY, et al.,** | **CIVIL ACTION NO. 5:15-159-KKC** |
| **Plaintiffs,** | |
| **V.** | **MEMORANDUM** |
| | **OPINION AND ORDER** |
| **KEVIN ZEEFE and SANDRA ZEEFE,** | |
| **Defendants.** | |

*** *** ***

This matter is before the Court on Plaintiffs' ("Allstate") motion to expedite discovery and Defendants' ("Kevin and Sandra") motion to compel and for contempt. (DE 29; DE 33). Allstate initiated this action alleging that Kevin and Sandra misappropriated and misused Allstate's confidential and proprietary information. (DE 1 at 12–24; DE 2-1 at 9–17.) Allstate filed the present motion to timely complete discovery and because they are concerned that Kevin and Sandra possess—and could disseminate—electronic copies of Allstate's confidential and proprietary information. (DE 29). Kevin and Sandra moved to compel Allstate to remove its materials from Kevin and Sandra's building and for the Court to find Allstate in contempt for failing to previously remove these materials. (DE 33).

The Court will grant Plaintiffs' motion, grant Defendants' motion in part, and deny Defendants' motion in part for the reasons set forth below.

I. FACTUAL BACKGROUND

On July 1, 2005, Kevin Zeefe became a Financial Specialist for Allstate Life Insurance Company and signed an Exclusive Financial Specialist Agreement. (DE 2-3). "As a[ Financial Specialist] for Allstate, Kevin partnered with Exclusive Agents to solicit the

Exclusive Agent's Allstate customers for the purchase of Allstate financial products." (DE 2-1 at 6.) Accordingly, Kevin had access to Allstate's confidential customer information so that he could sell more Allstate products to existing Allstate customers. On March 1, 2008, Sandra Zeefe became an Exclusive Agent for Allstate Insurance Company and signed an Exclusive Agency Agreement. (DE 2-7). Therefore, as of March 2008, Kevin and Sandra both sold Allstate products and Kevin had access to all of Sandra's customer information.

Both Kevin's and Sandra's Agreements with Allstate contained non-compete clauses and clauses requiring Kevin and Sandra to maintain Allstate's confidential information, establishing that the confidential information was Allstate's exclusive property, and limiting the use of Allstate's confidential information to Allstate-related business. (DE 2-3 at 3–4, 8–9; DE 2-7 at 3–4, 8–9.) Allstate contends that Kevin and Sandra violated these Agreements. (DE 2-1 at 9–11.)

Specifically, Allstate alleges that Kevin began using Allstate's confidential information to sell competing products. (DE 2-1 at 9.) On August 8, 2014, Kevin terminated his Exclusive Financial Specialist Agreement, but Allstate claims that Kevin continued using Allstate's confidential information—notably the customer lists and resources available to Sandra as an Exclusive Agent—to sell competing products after he terminated his Agreement. (DE 2-1 at 9–10.) Thus, on May 22, 2015, Allstate terminated Sandra's Exclusive Agency Agreement and the Allstate Territorial Sales Leader, Eric Harvey, asked Kevin and Sandra to "pack up all [of Sandra's] customer files and return all Allstate property in her possession in accordance with the EA Agreement." (DE 2-6 at 5.) Kevin and Sandra did not comply. (DE 2-1 at 11.) Accordingly, on May 28, 2015, Allstate filed this action and moved for a temporary restraining order and a preliminary injunction. (DE 1; DE 2-1).

2

On June 2, 2015, the Court and the parties engaged in a teleconference to discuss Allstate's claim that Kevin and Sandra misappropriated and misused Allstate's confidential information. (DE 20). Kevin and Sandra verified that they possessed and maintained all of Allstate's property, ranging from customer files to pens. The Court Ordered that Kevin and Sandra make Allstate's confidential and proprietary information—including customer files and a particular phone number tied to Allstate—available for an agent to retrieve on June 5, 2015 at 11:00 a.m. (*See* DE 20 at 1.) The Court also scheduled a follow-up teleconference to confirm the June 5 exchange and to establish a schedule to efficiently resolve this matter. (DE 20 at 1.)

During the follow-up teleconference, the parties verified that Allstate retrieved the customer files and left with a completed transfer form for the phone number tied to Allstate. (*See* DE 26 at 1.) Therefore, the Court found that it was not necessary to preliminarily enjoin Kevin and Sandra. (*See* DE 27 at 1.) This Court and the parties also agreed that discovery would be completed within ninety days; Kevin and Sandra did not object to Allstate's June 5 exchange or to the discovery plan. (*See* DE 26 at 1.)

Allstate then issued written interrogatories and requests for production of Kevin and Sandra's electronic devices. (DE 29 at 2.) Allstate proposed that Kevin and Sandra's electronic devices should be submitted to a neutral forensic examiner, and the neutral forensic examiner would determine whether Kevin or Sandra saved electronic copies of Allstate's confidential and proprietary information. (DE 29 at 1–4.) Kevin and Sandra refused to comply. (DE 29 at 1.) Additionally, Kevin and Sandra now claim that Allstate failed to remove all of its property on June 5 and that Allstate has not "separate[d] its name from the Zeefe's (*sic*) on the internet." (DE 33 at 1.)

3

## II. ANALYSIS

### A. Expedited Discovery

Federal Rule of Civil Procedure 26(d) vests district courts with the discretion to order expedited discovery. The moving party must demonstrate good cause for expedited discovery and must narrowly tailor requests to obtain specific information. *Ky. CVS Pharmacy v. McKinney*, No. 5:13-cv-25-KSF, 2013 WL 1644903, at *1 (E.D. Ky. Apr. 16, 2013) (granting a motion to expedite in an employment dispute arising under a covenant not to compete); *5ifth Element Creative, LLC v. Kirsch*, No. 5:10-cv-255-KKC, 2010 WL 4102907, at *2 (E.D. Ky. Oct. 18, 2010). District courts must also consider whether evidence may be lost, misappropriated, or destroyed with time. *See Best v. Mobile Streams, Inc.*, No. 1:12-cv-564, 2012 WL 5996222, at *1 (S.D. Ohio Nov. 30, 2012).

Here, Allstate requests expedited production of Kevin and Sandra's electronic devices to a neutral forensic examiner. Allstate lists the following reasons as "good cause" for expedited discovery: (1) Allstate has substantial reason to believe that Kevin and Sandra made electronic copies of its confidential and proprietary information; (2) electronic data are easily transferable, and dissemination would cause Allstate irreparable harm; (3) time is of the essence; (4) Kevin and Sandra used Allstate's confidential and proprietary information in the past, despite employment Agreements including covenants not to compete and clauses prohibiting the use of Allstate's information for personal gain; and (5) Kevin and Sandra's history of non-cooperation and obstructionism. (*See* DE 29 at 1–5.) Allstate avers that their request is narrowly tailored to the production of Kevin and Sandra's devices that could store or transfer electronic data. (*See* DE at 3–5.)

Kevin and Sandra assert that this discovery request is unnecessary because they have no access to Allstate's servers and Allstate retrieved the physical customer files. (DE

31 at 2–4.) Further, Kevin and Sandra claim that Allstate's request is not narrowly tailored and that they have a privacy interest in the requested information. (DE 31 at 3–5.)

But Kevin and Sandra misconstrue Allstate's motion. Allstate currently has access to the *physical* evidence, but Allstate lacks confirmation that Kevin and Sandra did not make *electronic copies* of any of Allstate's confidential or proprietary information. Further, it is inapposite to assert a privacy right for devices that may contain confidential or proprietary information related to a civil action asserting misappropriation of trade secrets. *See In re Motion to Unseal Elec. Surveillance Evidence*, 965 F.2d 637, 641 (8th Cir. 1992) ("Much of the discovery done in civil suits implicates confidentiality and privacy interests, and courts are often asked to carefully balance these interests with the compelling need for discovery. In general, parties may obtain discovery 'regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action.' Fed. R. Civ. P. 26(b)(1)."). Electronic copies of Allstate's information are not protected by Kevin and Sandra's privilege and are relevant to the subject matter in this action.

Overall, this Court finds that Allstate has demonstrated good cause for a narrowly tailored request for expedited discovery. *See Ky. CVS Pharmacy*, 2013 WL 1644903, at *1. Allstate's motion establishes that electronic copies of Allstate's confidential and proprietary information may be misappropriated or misused. *See Welsco, Inc. v. Brace*, No. 4:12-cv-394-KGB, 2012 WL 3025141, at *1 (E.D. Ark. July 24, 2012) (granting expedited discovery where there is a present danger that a defendant may be "misusing confidential business information in violation" of the defendant's express employment contract).

**B. Motion to Compel**

Kevin and Sandra filed a motion to compel Allstate to take the following actions: (1) to remove Allstate signage and other materials from the front of the building; (2) to

5

"restore" the building; (3) to transfer a particular phone number from Kevin and Sandra; and (4) to "separate [Allstate's] name from the Zeefe's (*sic*) on the internet"—specifically to remove all internal Allstate references to Kevin and Sandra. (DE 33 at 1.)

Allstate responded and noted that "[a]s an initial matter, [Kevin and Sandra] filed the present motion[ ] to compel without first attempting to 'make a good faith effort to resolve extrajudicially any dispute relating to discovery,' as required by Local Rule 37.1." (DE 36 at 3.) Additionally, Allstate asserted that Kevin's and Sandra's employment Agreements clarify that a terminated employee is responsible for removing and returning all signage and Allstate property. (DE 36-1 at 3; *see also* DE 2-3 at 8; DE 2-7 at 8.) Allstate further claimed that—after the June 5 exchange—they submitted a completed transfer form to the phone company; however, the phone company has complicated the matter. (DE 36 at 5–6.) Allstate stated that the phone company recently provided an updated transfer form, that Allstate sent the updated transfer form to Sandra, but that Allstate has not received a signed copy of the updated transfer form. (DE 36 at 6.) Finally, Allstate asserts that "its marketing department [has] confirm[ed] that the Zeefes' names and images have been removed from all Allstate marketing materials and Allstate websites. . . . [And f]urther, Allstate does not control the internet or when search engines such as Google or Yahoo update their information." (DE 36 at 7.)

Here, the Court finds that Allstate is not responsible for removing any signage or other materials from the building. Also, the Court notes that Allstate and the Zeefes tried to transfer the particular phone number, but the phone company created unforeseen complications. The Court trusts that the parties will work through these complications without a separate order. Finally, the Court searched Allstate's official website for references to Kevin and Sandra, and the Court received results in English and in Spanish

6

for Sandra. Allstate has not removed Sandra from "agents.allstate.com." *See* Allstate, https://agents.allstate.com/sandra-zeefe-versailles-ky.html (last visited July 13, 2015). Given this litigation, the Court presumes that it would be in both parties' best interest to remove the internal links to Sandra and, accordingly, finds that Allstate is compelled to remove these references.

### C. Contempt

A district court may, within its discretion, hold a party in contempt of a court order. *Elec. Workers Pension Trust Fund of Local Union # 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003). But "[i]n order to hold a litigant in contempt, the movant must produce *clear and convincing* evidence" demonstrating that the litigant violated a "definite and specific order" to commit affirmative acts or to cease performing certain acts. *Id.* at 379 (emphasis added). "Clear and convincing evidence is not a light burden . . . ." *Id.*

Here, Kevin and Sandra asserted that Allstate violated the Court Order established during the first teleconference. (DE 33 at 1.) But Kevin and Sandra have not met their burden. The Court Ordered Allstate to pick up *files* in defendants' possession and to bring the telephone transfer form. (DE 20 at 1.) Allstate complied with this Order. *See supra* Part II.B. Thus, the Court cannot hold Allstate in contempt for failure to comply with an Order.

### III. CONCLUSION

Accordingly, the Court **ORDERS** as follows:

1.  Plaintiffs' motion for expedited discovery (DE 29) is **GRANTED**;

2.  Defendants **SHALL DELIVER** to an agreed neutral forensic examiner within seven days of the entry of this Order all devices in their possession that are capable of storing or transferring electronic data except their children's cell phones, Play Stations, and Nintendos;

3.   Within seven days of the entry of this Order, the parties **SHALL** agree upon and furnish to the forensic examiner a list of search terms relevant to the issues in this matter that the forensic examiner will run on the furnished devices;

4.   Defendants **SHALL PRODUCE** all non-privileged data and files collected from the furnished devices to Plaintiffs within seven days of receipt of the identified data and files from the forensic examiner;

5.   Defendants **SHALL PRODUCE** a log detailing the basis of privilege for any data or files withheld from Plaintiffs within five days of Defendants' production of the responsive data and files to Plaintiffs; and

6.   Defendants' motion to compel (DE 33) is **GRANTED IN PART** and **DENIED IN PART** as follows:

a.   The motion is granted as to Plaintiffs' removal of all links to "Kevin and Sandra Zeefe" within Plaintiffs' internal websites. The Plaintiffs are Ordered to remove all such links; and

b.   The motion is denied as to the Defendants' request that Plaintiffs remove all signage and other materials from the front of the building; that Plaintiffs "restore" the building; that Plaintiffs transfer the particular phone number; and that the Court find Plaintiffs in contempt.

Dated July 13, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY